# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AASIYA JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHILDREN'S HOSPITAL OF | : | |
| PHILADELPHIA, KATHRYN LIPINSKI, | : | |
| ERIN JOHNSON, LUCY MCFADDEN, | : | |
| BROOK RILEY, MICHELLE JACKSON, | : | |
| KRISTEN LOURIE, LAUREN | : | |
| DINSINICK and MOLLY CROWE | : | NO. 21-3089 |

## MEMORANDUM

**Savage, J.**                                                                                       **October 20, 2021**

Aasiya Johnson, acting *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964. She seeks leave to proceed *in forma pauperis*. Because it appears that she is not capable of paying the fees to commence this civil action, we shall grant her leave to proceed *in forma pauperis*. We shall also dismiss her Complaint.

## FACTUAL ALLEGATIONS

Johnson filed this employment discrimination case against her former employer, Children's Hospital of Philadelphia ("CHOP"), and eight individuals, Kathryn Lipinski, Erin Johnson, Lucy McFadden, Brook Riley, Michelle Jackson, Kristen Lourie, Lauren Dinsinick, and Molly Crowe.[1] Although unclear from her Complaint, it appears Johnson was employed at CHOP. She alleges that she was discriminated against and terminated

---

[1] Complaint at 1-3 ("Compl.") (Doc. No. 2). It is unclear who these individuals are and how they relate to Johnson's claims.

1

from her employment because of her race and color.[2]  Johnson does not explicitly identify her race, but indicates that she is a "person of color".[3]  She also alleges that CHOP failed to stop harassment against her, subjected her to unequal terms and conditions of employment, and retaliated against her.[4]

The Complaint and the Charge of Discrimination Johnson filed with the Equal Employment Opportunity Commission ("EEOC"), which Johnson attached as an exhibit to her Complaint, reflect that the alleged discriminatory conduct began on April 26, 2020 and continued through May 7, 2020 when Johnson was terminated.[5]  On April 26, 2020, Johnson was asked to sit one-on-one with a patient who tested positive for COVID.[6]  Johnson told the charge nurse that she was unable to do that because she was pregnant and was concerned about exposing her unborn child to COVID.[7]  It appears she was told that if she refused to go into the room, she "could go home."[8]

Johnson alleges that her manager called her in to discuss the situation, but never discussed the issue.[9]  Instead, the manager mentioned "a missed swipe . . . on [Johnson's] timecard."[10]  Johnson also alleges that she was "the only person of color

---

[2] *Id.* at 3.

[3] *Id.* at 5.

[4] *Id.* at 4.

[5] *Id.* at 4, 6 & 10.

[6] *Id.* at 4 & 6.

[7] *Id.* at 4-5.

[8] *Id.* at 6.

[9] *Id.* at 5.

[10] *Id.*

2

being directed into the COVID room when there was 3 othe[r] Caucasian Nurses" who were also expecting and who were given different assignments.[11]  Johnson claims she was terminated based on discrimination and in retaliation for attempting to talk with her manager about "not feeling comfortable with certain people on the job."[12]  Johnson filed a charge of discrimination with the EEOC on March 12, 2021.[13]  On April 12, 2021, the EEOC issued a notice of right to sue letter dismissing the charge as untimely.[14]

## STANDARD OF REVIEW

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious on the face of the complaint.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013).  A Court may dismiss a Complaint for failure to state a claim based on the statute of limitations when it is clear from the face of the complaint that it is time-barred. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  As Johnson is proceeding

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 6-7.

[14] *Id.* at 7 & 9.

3

*pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

### *Claims Against the Individual Defendants*

Under Title VII, it is unlawful for an "employer" to discriminate based on an employee's membership in a protected class.  42 U.S.C. § 2000e-2(a)(1).  Johnson names eight individuals who were not her employer as defendants.  An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person."  42 U.S.C. § 2000e(b).  The Third Circuit has declined to extend liability under Title VII to individuals, holding the term "employer" as used in Title VII does not include individual employees.  *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996).  Accordingly, we shall dismiss Johnson's claims against Lipinski, Johnson, McFadden, Riley, Jackson, Lourie, Dinsinick, and Crowe because they are not subject to liability under Title VII.

### *Claims Against CHOP*

Johnson's Title VII claims against CHOP are time-barred.  "To bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the [Equal Employment Opportunity Commission] within 300 days of the alleged unlawful employment practice."  *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e-5(e)(1)).  A plaintiff who fails to bring a charge within that 300-day time period is barred from bringing an action in federal court.  *See Valentin v. Manpower Grp. Sols.*, 792 F. App'x 208, 210 (3d Cir. 2019) (*per curiam*) ("Title VII requires a claimant in Pennsylvania to file a charge with the EEOC within 300 days of an unlawful

employment practice. Absent the filing of such a charge, a claim for relief under federal law may not proceed." (citations omitted)).

Here, the Complaint and attached charge of discrimination show that the alleged discriminatory events giving rise to Johnson's claims began on April 26, 2020 and ended on May 7, 2020, when she was terminated. Accordingly, Johnson was obligated to file her charge of discrimination with the EEOC by March 3, 2021, which is 300 days after the latest event giving rise to her claims. She did not file her charge until March 12, 2021. Therefore, her claims are time-barred.

## CONCLUSION

For the foregoing reasons, we shall dismiss Johnson's Complaint. Leave to amend would be futile because it does not appear that Johnson can cure the defects in her claims.